**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MICHAEL CARTER,**

           **Plaintiff,**           **CIVIL ACTION NO. 08-CV-14877-DT**

    **vs.**

                                  **DISTRICT JUDGE DAVID M. LAWSON**

**D. DOLCE,**                    **MAGISTRATE JUDGE MONA K. MAJZOUB**

           **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:**    Defendant Dolce's Motion for Summary Judgment filed on

February 3, 2009 (docket no. 9) should be **GRANTED**, and this action should be dismissed.

**II.**    **REPORT:**

        This matter comes before the Court on Defendant Dolce's Motion for Summary Judgment.

(Docket no. 9).  Plaintiff has responded to the motion.  (Docket no. 11).  Defendant filed a Reply

brief.  (Docket no. 12).  Plaintiff filed a motion for leave to file a sur-reply brief, and that motion

will be granted.  (Docket no. 13).  Plaintiff attached a copy of his sur-reply brief, and the Court has

reviewed it in connection with this motion.  The case was referred to the undersigned for all pretrial

proceedings.  (Docket no. 6).  Defendant Dolce's Motion for Summary Judgment is now ready for

ruling.  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).

    **A.**    **Factual Background and Claims**

        Plaintiff filed a prisoner civil rights Complaint pursuant to 42 U.S.C. § 1983.  (Docket no.

1).  The sole Defendant is food service stewardess D. Dolce.  (*Id*.).  Plaintiff seeks damages for

violation of his "first amendment constitutional right to free speech, by retaliating against Plaintiff

by falsifying a state document i.e., a major misconduct when Plaintiff informed Defendant that he will file a grievance complaint on her if she continue [sic] to try to make him wash pots and pans without gloves." (*Id*. at 3).

Plaintiff explains in the declaration attached to his Complaint that on June 1, 2007 he was working in the food service area at the correctional center. Defendant told him to "work in pots and pans." (*Id*. at 5). Plaintiff states that he "attempted to do the work but was unable to find safety gloves to work in the hot water thats [sic] above one hundred degrees temperature hot." (*Id*). Plaintiff further states that he informed Defendant that he needed gloves to do the work, and she replied that she was giving him a "direct order to go wash pots and pans." (*Id*. at 6). Plaintiff responded that he was not going "to put [his] bare hands in that hot water." (*Id*.). Defendant told him that she did not like his attitude. Plaintiff responded that he did not care, "I am writing a grievance on you if you keep trying to force me to wash pots and pans without gloves." (*Id*.). Defendant then left and talked to the "kitchen officer" who then told Plaintiff to leave the kitchen because Defendant was charging him with misconduct. (*Id*. at 6-7). Later that day Plaintiff received a major misconduct charge from Defendant for disobeying a direct order. (*Id*. at 7).

Plaintiff further alleges that he was found not guilty of the misconduct charge on June 20, 2007. (*Id*.). Plaintiff attached a copy of the misconduct report which states that Defendant gave Plaintiff a direct order to "work in pots and pans," and Plaintiff "became argumentative and said that he wasn't going to do it." (*Id*. at 9). Plaintiff "never complied with this direct order." (*Id*.). The hearing report, which is also attached to Plaintiff's Complaint, shows that the hearing officer found that there was an issue about whether Plaintiff could safely work in the hot water without gloves. (*Id*. at 10). The misconduct charge was not upheld.

B.      **Standard of Review**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000).  Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial.  (*Id.*).  A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

C.      **Analysis**

Plaintiff's only ground for relief stated in his Complaint is that Defendant violated his First Amendment right to free speech by retaliating against him by filing a false misconduct report because he told Defendant that he was going to file a grievance against her if she continued to try to make him wash pots and pans without gloves.  (Docket no. 1 at 3).

In order to show a First Amendment retaliation claim, Plaintiff must establish that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person

of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated at least in part by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). If Defendant can show that she would have taken the same action in the absence of the protected activity, she is entitled to prevail on summary judgment. (*Id*. at 399). Conclusory allegations of retaliatory motive unsupported by material facts are not sufficient to state a claim under section 1983. *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Cox v. Jackson*, 579 F. Supp. 2d 831, 848 (E.D. Mich. Sept. 29, 2008).

Defendant has submitted an affidavit consistent with the statements in her misconduct charge against Plaintiff. (Docket no. 10). Defendant states that Plaintiff did not state that he was not going to put his hands in hot water or that he was going to write a grievance if Defendant continued trying to force him to wash pots and pans without gloves. (*Id*.) Plaintiff states that she "would have written the 'Disobeying a Direct Order' misconduct against the plaintiff regardless of whether he stated he was going to write a grievance because it is my belief that it is not an inmate relief worker's prerogative to refuse to work an assigned task and walk off the assignment after being given a direct order to do so." (*Id*.).

Defendant argues that summary judgment is appropriate because her motivation in charging Plaintiff with misconduct was his refusal to comply with her order, and because no clearly established federal law supports a conclusion that a threat to file a grievance constitutes protected conduct under the First Amendment. (Docket no. 9 at 4).

For purposes of this discussion, the Court will assume that Plaintiff engaged in protected conduct when he stated to Defendant, and that he did actually state to Defendant, that he was going to file a grievance against her if she continued to insist that he work without gloves. The Court will

-4-

also assume that writing up a major misconduct charge against an inmate satisfies the second element of a retaliation claim. However, Plaintiff still must establish that Defendant's charging him with major misconduct was motivated at least in part by his threat to file a grievance against Defendant. *See Thaddeus-X*, 175 F.3d at 394.

Plaintiff fails to cite any specific oral statement made by Defendant supporting his allegation that she charged him due at least in part to his threat. The written major misconduct report attached to Plaintiff's Complaint fails to even mention Plaintiff's threat. The major misconduct hearing report attached to Plaintiff's Complaint fails to mention Plaintiff's threat. Defendant denies in her affidavit that Plaintiff made the threat. Defendant also states that regardless of whether Plaintiff made the threat she would have charged Plaintiff with major misconduct because he refused her direct order. Defendant admits that he refused "Defendant's continuing reckless disregard, callous order to harm himself by the [sic] putting his bare hands in scalding hot water without safety gloves on." (Docket no. 11 at 6). The major disagreements over this event are whether Plaintiff's refusal to comply with the order was justified and, if so, whether this was a valid defense to the misconduct charge. There is no disagreement, however, that Plaintiff refused the order. This refusal provides a logical basis for the misconduct charge and supports Defendant's assertion that the charge was motivated solely by this refusal and in no part by Plaintiff's alleged threat.

In sum, Plaintiff has advanced only conclusory allegations of retaliatory motive unsupported by material facts which are not sufficient to survive summary judgment. *See Harbin-Bey*, 420 F.3d at 580; *Cox*, 579 F. Supp. 2d at 848. Plaintiff has failed to show that there is sufficient evidence on which a jury could reasonably find in his favor on the causation element of his retaliation claim. *See*

-5-

*Anderson*, 477 U.S. at 252.  Summary judgment should therefore be granted to Defendant, and this action should be dismissed.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: April 03, 2009                         s/ Mona K. Majzoub
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Michael Carter and Counsel of Record on this date.

Dated: April 03, 2009                     s/ Lisa C. Bartlett
                                          Courtroom Deputy